IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 2:22-cr-873-RMG |
| Respondent, | ) | |
| v. | ) | **ORDER** |
| Carl William Murdaugh, | ) | |
| Petitioner. | ) | |

This matter comes before the Court on Petitioner's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 89). Respondent has filed a memorandum in opposition and Petitioner has filed a reply. (Dkt. No. 104, 105).

**I.   Legal Standards**

    **A.   28 U.S.C. § 2255**

To obtain relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

    **B.   Ineffective Assistance of Counsel**

Criminal defendants have a Sixth Amendment right to assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for the counsel's error, the

result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The district court must apply a " 'strong presumption' that counsel's representation is within the 'wide range' of reasonable professional assistance." *Id*. (*quoting Strickland*, 466 U.S. at 689). Courts generally show a marked reluctance to accept counsel's "tactical decision" as evidence of ineffective assistance. *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 562 U.S. at 105. The question is whether counsel's representation amounted to "[un]reasonableness under prevailing professional norms" rather than whether it deviated from best practice or the common custom. *Strickland*, 466 U.S. at 688-89.

With respect to prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla*, 559 U.S. at 371.

2

### C. *Pro Se* Petition

*Pro se* complaints are held to less stringent standards that submissions from attorneys and are afforded liberal construction. *Erickson v. Parfus*, 551 U.S. 89, 94 (2007).

## II. **Factual Background**

Petitioner was indicted by a federal grand jury for his participation in a complex, multi-state drug trafficking conspiracy in August 2019 and was subject to a superseding indictment in December 2020. (Crim. No. 2:19-cr-628-RMG, Dkt. Nos. 278, 1106).[1] Before he was arraigned, the COVID-19 pandemic brought court proceedings around the country to a halt. Petitioner's trial date was further delayed by his decision to fire one attorney and the withdrawal of a second attorney because of a conflict. Petitioner's attorneys requested six continuances because of the volume of discovery. While the case was pending, Petitioner's presiding judge retired. *See United States v. Murdaugh*, 2022 WL 16952027, at *1-2 (D.S.C. Nov. 14, 2022).

Petitioner moved to dismiss his indictment for constitutional and statutory reasons in early May 2022, a month before his scheduled trial date. (Crim. No. 2:19-628-RMG, Dkt. No. 1766). The Government moved for its one and only continuance so that transcripts from hearings in which Petitioner's counsel had requested continuances could be prepared. (*Id.*, Dkt. No. 1769). The Government subsequently moved to dismiss the pending indictment without prejudice, which Petitioner objected to because he believed the dismissal should be with prejudice due to a violation of his speedy trial rights. The Court denied Petitioner's speedy trial challenge and dismissed Petitioner's indictment without prejudice. *United States v. Murdaugh*, 2022 WL 16952027 at *4.

---

[1] All citations to the record of the 2019 indictment, Crim. No. 2:19-cr-628-RMG, are identified with reference to the case number. All citations to the 2022 indictment, Crim. No. 2:22-cr-873-RMG, are identified with reference to that case number. All citations to the record of this habeas petition are identified only by the docket number.

Petitioner was re-indicted in October 2022, and the Court set Petitioner's trial date for December 1, 2022. Petitioner's counsel requested a continuance, and the trial was rescheduled for January 2023. (Crim. No. 2:22-873, Dkt. Nos. 32, 36, 37). Before the trial could commence, Petitioner pled guilty to conspiracy to possess with the intent to distribute heroin, with a stipulated sentence of 120 months and preservation of his right to assert a speedy trial issue on appeal. (*Id*., Dkt. Nos. 54, 58, 72).

Petitioner was represented on appeal by David A. Brown, Sr. Mr. Brown is a former Assistant United States Attorney who previously served as the Criminal Chief and First Assistant in the Western District of North Carolina. He subsequently went into private practice in Rock Hill, South Carolina and has handled more than fifty cases as a court appointed appellate defense attorney and more than seventy five cases as a defense trial attorney. (*Id*., Dkt. No. 104-1 at 3).

In his initial review of the record in this matter, Mr. Brown determined he could not make a non-frivolous argument that Petitioner's statutory right to a speedy trial was denied and was doubtful he could make a good faith argument that Petitioner's constitutional right to a speedy trial had been violated. (*Id*. at 8). After further research, Mr. Brown determined he could make a non-frivolous constitutional speedy trial argument, and his brief raised solely that issue. (*Id*.). Mr. Brown made the strategic decision not to raise the statutory speedy trial argument because it "would be pointless if not frivolous" and believed that his constitutional speedy trial argument might be given more serious consideration "if the appeal was not muddied by making what I viewed as a non-winnable argument that Mr. Murdaugh's statutory right to a speedy trial was violated." (*Id*. at 10-11).

The Fourth Circuit squarely addressed Petitioner's constitutional speedy trial claim on appeal and affirmed the lower court's decision denying the dismissal of the indictment with

4

prejudice in a per curiam opinion issued without oral argument. *United States v. Murdaugh*, 2025 WL 1039417 (4th Cir. 2025). The Fourth Circuit analyzed Petitioner's claim under the four factors for weighing constitutional speedy trial claims set forth in *Barker v. Wingo*, 407 U.S. 514, 531-32 (1972). The Fourth Circuit found that the delay from indictment in August 2019 to the guilty plea in January 2023 met the "threshold requirement" under *Barker* but all of the other *Barker* factors "strongly favor the government." *Id*. at *3. These include findings that there were valid reasons justifying the delays, including the COVID-19 pandemic, the multiple "personnel-related delays," the extensive discovery in the case, and the late filings of Petitioner's attorney on the eve of trial. *Id*. at *3-4. Further, the Court found that Petitioner did not assert his speedy trial right until 27 months after he was indicted, which the panel found was "untimely." *Id*. at *4. Finally, the Fourth Circuit found that the most "critical" *Barker* factor, prejudice, was absent on this record. Indeed, the Fourth Circuit found that "Murdaugh has shown no prejudice to him arising from the delay in this case." *Id*.

After the Fourth Circuit issued its mandate regarding the direct appeal, Petitioner filed this § 2255 petition asserting that his appellate counsel was ineffective in failing to consult him prior to filing his appeal and in failing to raise a statutory speedy trial claim. (Dkt. No. 89 at 4-5). The Government filed its response in opposition and Petitioner filed a reply. (Dkt. Nos. 104, 105). The case is now ripe for disposition.

**III.   Discussion**

Petitioner has asserted two grounds for his § 2255 habeas petition, claiming ineffective assistance of counsel against his appellate counsel, Mr. Brown. The Court addresses each of these claims below.

> A. <u>Gound One: Appellant counsel did not consult Petitioner prior to filing the brief with the Court of Appeals</u>.

Petitioner asserts that his appellate counsel did not consult with him prior to filing his brief before the Fourth Circuit and that this failure to consult constituted ineffective assistance of counsel. (Dkt. Nos. 89 at 4, 89-1 at 1-11). Petitioner argues that appellate counsel has a constitutional duty to consult with the client prior to filing the appellate brief under the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). (Dkt. No. 105 at 1). The Government filed a memorandum in opposition, asserting that *Roe v. Flores-Ortega* requires only that counsel consult with a defendant on the issue of whether or not to file an appeal. (Dkt. No. 104 at 6).

Mr. Brown filed an affidavit following an order of this Court finding that Petitioner had waived his attorney client privilege by asserting ineffective assistance of counsel and directing Mr. Brown to provide an affidavit responding to Petitioner's allegations in this action. (Dkt. No. 102). Mr. Brown confirmed that he had not consulted with Petitioner prior to filing the brief and asserted that there was no constitutional or statutory obligation for an appellate counsel to consult with a criminal defense client prior to filing an appellate brief on a direct appeal. Mr. Brown explained that any appeal is based upon the record and additional facts cannot be added after the trial record has closed. (Dkt. No. 104-1 at 9). Case law supports the position of Mr. Brown that it is up to appellate counsel to make the strategic decisions regarding which issues to raise on appeal and appellate counsel is not deficient for failing to inform the defendant what issues will be raised on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Pelech v. United States,* 2019 WL 8012369, at *5 (E.D.N.C. 2019); *Brown v. United States*, 2018 WL 9990480, at *4 (E.D. Va. 2018).

6

Under *Strickland*, a petitioner seeking to establish ineffective assistance of counsel must show both that counsel's performance fell below an objective standard of reasonableness and that the defendant suffered prejudice (i.e., a reasonable probability that the outcome would have been different). Petitioner has failed to establish either of these mandatory requirements to establish ineffective assistance of counsel. Consequently, the Court denies Petitioner's claim regarding Ground One.

    B. <u>Ground Two: Appellate counsel's failure to assert on direct appeal a statutory claim of denial of a speedy trial constituted ineffective assistance of counsel</u>.

Petitioner argues that appellate counsel was ineffective by not raising a statutory claim of denial of a speedy trial in addition to a constitutional claim. (Dkt. Nos. 89 at 5, 89-1 at 12-14). The Government filed a memorandum in opposition, asserting that appellate counsel's strategic choice in asserting only a constitutional speedy trial claim is not a basis for ineffective assistance of counsel and Petitioner cannot show prejudice. (Dkt. No. 104 at 10-12). Notably, the Fourth Circuit, in denying Petitioner's constitutional speedy trial claim in his direct appeal, found that "Murdaugh has shown no prejudice to him arising from the delay in his case." *Murdaugh*, 2025 WL 1039417, at *4.

Mr. Brown set forth in his affidavit his reasoning for asserting only a constitutionally based speedy trial claim. He explained that he "determined that no non-frivolous argument could be raised that Mr. Murdaugh suffered a violation of his statutory right to a speedy trial." (Dkt. No. 104-1 at 8). He stated that he initially believed that he also could not assert a non-frivolous constitutionally based speedy trial claim but after additional research he felt he could assert such a claim in good faith. (*Id*.). He further explained that he elected to assert only the constitutional based claim because he believed that the Court would be more likely to consider that claim "if the

7

appeal was not muddied by making what I viewed as a non-winnable argument that Mr. Murdaugh's statutory right to a speedy trial was violated." (*Id*. at 10-11).[2]

Mr. Brown's decision to pursue exclusively a constitutionally based speedy trial claim is the classic type of strategic choice that is not subject to an ineffective assistance of counsel claim. As the Supreme Court stated in *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Further, Petitioner has provided no basis to show prejudice from any delay in his trial. This issue was thoroughly examined on Petitioner's direct appeal, and the Fourth Circuit clearly held that Petitioner has shown no prejudice from the delay of his trial from the time of indictment until the date of his guilty plea. *Murdaugh*, 2025 WL 1039417, at *4.

In short, Petitioner cannot meet either of the requirements of *Strickland* to establish an ineffective assistance of counsel claim under Ground Two. He cannot show that counsel's representation fell below an objective standard of reasonableness and he cannot show prejudice. The Court denies Petitioner's claim under Ground Two.

---

[2] The Speedy Trial Act, 18 U.S.C. § 3161, contains numerous exclusions for time resulting from continuances, including where the trial court has found that the ends of justice are served by a continuance and outweigh the interests of the defendant and the public in a speedy trial. § 3161(h)(7)(A). Six of the eight continuances that delayed Petitioner's trial were granted by the Court on the motion of defense counsel. *United States v. Murdaugh*, 2022 WL 16952027 at *1-2 (D.S.C. Nov. 14, 2022). A seventh continuance was granted because the case involved three co-defendants and the other two were not ready for trial. The eighth continuance was requested by the Government because of Petitioner's late motion for a speedy trial and the Government's need to obtain copies of transcripts of prior hearings in which continuances were requested by defense counsel. *Id*. All of these continuances would have been excluded from the time clock under the Speedy Trial Act, effectively eliminating any statutory based speedy trial act claim. *See* § 3161(h)(1)(D), (6). A constitutional speedy trial claim does not have these time exclusions.

### III. <u>Certificate of Appealability</u>

28 U.S.C. § 2253 provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The legal standard for the issuance of a certificate of appealability has not been met here because a reasonable jurist would not find it debatable that Petitioner failed to meet his burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness and that his sentence would have been different but for any such insufficient performance.

### IV. <u>Conclusion</u>

For the foregoing reasons, Petitioner's § 2255 petition (Dkt. No. 89) is **DENIED**. A certificate of appealability is also **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 4, 2026
Charleston, South Carolina

9